** Summary **
UNDOMESTICATED FOREIGN CORPORATION — PAYMENT OF UNEMPLOYMENT TAX A corporation which is undomesticated in the State of Oklahoma, but which pays the unemployment tax required in 40 O.S. 211 [40-211] (1971), et seq., would generally need to be domesticated. However, such a ruling would be conditioned upon a consideration of other facts and circumstances in each individual situation which would lead to a determination of whether a corporation was engaging in or transacting business in the State of Oklahoma. The Attorney General has considered your letter wherein you request an opinion regarding the following question: "May a foreign corporation undomesticated in the State of Oklahoma pay the unemployment tax based on wages and salaries paid to employees domiciled within the State of Oklahoma, so that such employees would be covered by the Oklahoma Employment Security Act, without domesticating in the State of Oklahoma?" Title 18 O.S. 1.199 [18-1.199] (1971) provides: "(a) No foreign corporation shall transact or engage in business in this State until it shall become domesticated. . . ." (Emphasis added) All corporations which transact or engage in business in the State of Oklahoma are required to become domesticated. The essential question becomes whether the payment of unemployment taxes as provided for in the Oklahoma Employment Security Act, which is found at 40 O.S. 211 [40-211] (1971), et seq., in and of itself constitutes doing business within the State. Generally the Oklahoma Employment Security Act provides that employers and employing units shall pay certain specified amounts or contributions into the unemployment compensation fund for subsequent distribution to those qualifying unemployed persons as defined in the Act. Title 40 O.S. 229 [40-229] (1971) is the definition section of the Oklahoma Employment Security Act. Title 40 O.S. 1971 229 [40-229] (d) provides: " 'Employing Unit' means any individual or type of organization, including any partnership, . . . or corporation, whether domestic or foreign, . . . which has or subsequent to January 1, 1936, had in its employ one or more individuals performing services for it within this state. . . ." (Emphasis added) Thus, the contributions by employers are required only of such employers that employ individuals performing services in this State. This is distinguished from the domestication statute, 18 O.S. 1.199 [18-1.199] (1971) supra, which required domestication of all corporations which transact or engage in business in the State. It would seem highly probable that if an employer has an employee performing services in this State (hence subject to the Oklahoma Employment Security Act, 40 O.S. 211 [40-211] (1971), et seq.), then that same employer would be transacting or engaging in business in the State (hence subject to the domestication statutes, 18 O.S. 1.199 [18-1.199] (1971) supra). However, it must be remembered that the question of whether or not a person, firm, or corporation in doing business within this State is a complex factual issue, which depends upon that entity's "contacts" with the State. In Fossett Publications, Inc. v. Morris,377 P.2d 42 (Okla., 1962), the Supreme Court of this State stated: "The question of whether a foreign corporation is 'doing business' within this state within the meaning of the statutes must depend upon the facts in each particular case. (citations omitted). . . ." In answering the essential question of whether or not a corporation is doing business within the State for the purposes of 18 O.S. 1.199 [18-1.199] (1971), the factors and "contacts" with the State in each individual instance would have to be examined. However, absent compelling facts to the contrary, the payment of the unemployment tax by employers would constitute doing business within the State of Oklahoma for purposes of being domesticated, due to the close identity of the requirements of intrastate activity in both the domestication and unemployment compensation statutes. It is, therefore, the opinion of the Attorney General that a corporation which is undomesticated in the State of Oklahoma, but which pays the unemployment tax required in 40 O.S. 211 [40-211] (1971), et seq., would generally need to be domesticated. However, such a ruling would be conditioned upon a consideration of other facts and circumstances in each individual situation which would lead to a determination of whether a corporation was engaging in or transacting business in the State of Oklahoma. (Steven E. Moore)